COOLEY LLP
JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
AARTI REDDY (274889)
(areddy@cooley.com)
AMY M. SMITH (287813)
(amsmith@cooley.com)
JULIA M. IRWIN (352861)
(jirwin@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
LINKEDIN CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| V.R. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LINKEDIN CORPORATION,<br><br>Defendant. | Case No. 5:24-CV-07399-EJD<br><br>**DEFENDANT'S MOTION FOR FURTHER CLARIFICATION**<br><br>Dept: Courtroom 4, 5th Floor<br>Judge: Edward J. Davila<br>Trial Date: TBD<br>Date Action Filed: October 23, 2024 |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant LinkedIn Corp. ("LinkedIn" or "Defendant"), will and hereby does move pursuant to Federal Rule of Civil Procedure 60 for clarification of the Court's Order Granting in Party and Denying in Part Motion to Dismiss with Leave to Amend. The Parties agree that no hearing is required. Defendant's motion is based on this Notice of Motion and Motion, the materials cited therein, the pleadings and papers on file, and other materials and argument as may be presented.

## STATEMENT OF RELIEF SOUGHT

LinkedIn seeks an order clarifying whether the Court's September 30, 2025 Order Granting in Part and Denying in Part Motion to Dismiss with Leave to Amend (the "Order") (ECF No. 36) dismisses Plaintiff's California Invasion of Privacy Act ("CIPA") Section 632 claim in *V.R. v. LinkedIn* on the basis that Plaintiff has failed to "show that the named plaintiffs and putative class members have the requisite contacts with California." ECF No. 28, at 23, 25.

## MEMORANDUM OF POINTS & AUTHORITIES

LinkedIn respectfully requests clarification of the Order's disposition regarding Plaintiff's Section 632 claim under CIPA.

LinkedIn moved for dismissal of Plaintiff's claims under Section 631 and 632 of CIPA on the basis that California's choice-of-law rules mandate dismissal. *See, e.g.*, Mot. at 2 ("Plaintiff's claims under Sections 631 and 632 of CIPA each suffer from fatal defects . . . . as a New York resident visiting a healthcare website that operates clinics exclusively in New York and New Jersey, Plaintiff has not sufficiently pled that California law applies to her claims."); Mot. at 7 ("CIPA does not apply under California choice-of-law rules"). LinkedIn asserted that Plaintiff failed to allege the requisite jurisdictional contacts with California based on her allegations that she is a New York resident who visited a website with a business operating only in New York and New Jersey. *See* Mot. at 7-9. In its Order, this Court agreed, holding that "Plaintiffs here fail to plead that they or any putative class member are a California resident. Accordingly, choice-of-law serves as an independent basis for dismissing ***Plaintiffs' CIPA claims*** in *V.R. v. LinkedIn*." Order at 25

(emphasis added). The Court's holding and use of the plural word "claims" thus appeared to dismiss both the Section 631 and 632 claims, and its underlying reasoning did not distinguish between those claims, further suggesting dismissal of both in kind. *See id.* at 23-25. However, in the Order's Conclusion, the Court stated that as to *V.R. v. LinkedIn*, along with two of four related cases, "the Court **GRANTS** LinkedIn's motions to dismiss the CIPA § 631 claims with leave to amend and **DENIES** LinkedIn's motions to dismiss the CIPA § 632 and California constitutional privacy claims." *Id.* at 36.

A district court has broad authority to clarify a prior order. *See* Fed. R. Civ. P. 60; *see, e.g.*, *BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, 2018 WL 1794500, at *1 (N.D. Cal. Apr. 16, 2018) (Davila, E.) ("A court may clarify its order for any reason.") (quoting *Wahl v. Am. Sec. Ins. Co.*, 2010 WL 2867130, at *3 (N.D. Cal. July 20, 2010)). Given the discrepancy described above, LinkedIn seeks the Court's "interpretation, which trial courts are often asked to supply, for the guidance of the parties" in confirming the ultimate disposition of Plaintiff's CIPA Section 632 claim in *V.R. v. LinkedIn*. *Id.* (quoting *Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985)). An order clarifying this disposition will aid the parties in evaluating whether and how to treat the cause of action in future pleadings.

For the foregoing reasons, LinkedIn respectfully requests that the Court clarify whether its Motion to Dismiss Order dismissed Plaintiff's CIPA Section 632 cause of action along with her Section 631 claim for the same failure to adequately allege any California nexus.

Dated: October 9, 2025

COOLEY LLP

By: */s/ Jeffrey M. Gutkin*
Jeffrey M. Gutkin

Attorney for Defendant
LINKEDIN CORPORATION